Tift *vs.* Hartwell.

---

NELSON TIFT, administrator, plaintiff in error, *vs.* CHARLES P. HARTWELL, executor, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

The litigation in this case, arising upon a bill in equity to enjoin a common law suit, and cross-bill thereto, etc., carried within it but two questions, to-wit: 1st. Whether a certain legacy to the maker of a note could be set-off against his liability thereon.   2d.   To whom did the title to a certain lot of land belong?   The jury returned the following verdict: "We, the jury, decree as follows: 1st. That the balance due on note against the estate of T. M. Nelson, and the legacy in favor of T. M. Nelson, be both canceled. 2d.   That the title to lot in dispute be vested in the estate of T. M. Nelson:"

*Held*, that this verdict was sufficiently certain to warrant the founding of a decree thereon.

Verdict. Decree. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1876.

Hartwell, as executor of James C. Solomon, deceased, brought suit against Tift, administrator of T. M. Nelson, deceased, on a promissory note made by Nelson to R. F. Lyon, or bearer. The amount of the note was $800 00; but on it was indorsed a credit of $500 00.

Tift filed his bill, in which he alleged that Solomon had left to Nelson a legacy of $500 00; that the executor, Hartwell, refused to give his assent thereto, although the estate was free from debt, and there were assets remaining. The prayer was that the aforesaid suit be enjoined, and Hartwell be compelled to pay the balance of the legacy after deducting what should be shown to be due to his testator.

Respondent filed his answer in the nature of a cross-bill. He admitted the legacy as charged in the bill and his refusal to assent thereto. He further alleged that the estate of his testator consisted largely of slaves; that during the war this legacy could have been paid; but that Nelson having died, and there being at that time no representation on his estate, no settlement was had; that since the war nothing was left in his hands, as executor, except certain ante-bellum debts (which he believed to be valueless) and the title to a lot in the city of Columbus; that this lot was bought by his testator from Nelson, and paid for; that the latter referred him to R. F. Lyon for titles; that said Lyon refused to make titles until the purchase money should be paid, for which he held Nelson's note for $800 00; that this was paid by respondent's testator, and titles taken; that he went into possession of such lot, and so continued until his death, and afterwards it passed to respondent, as executor, and he still pays tax thereon: that some two years since, plaintiff took possession of said lot, claiming it as part of the estate of Nelson, and is still holding it and receiving profits therefrom; that such claim has injured his in-

testate's estate and imperiled its solvency. The prayer is that plaintiff may be compelled to pay the balance due on the promissory note, and reasonable rents for the property, and that the legacy may be scaled so as to arrive at its value in present currency, the intention of testator having been to give it in Confederate money ; and, finally, that plaintiff be enjoined from setting up title to the aforesaid lot.

To this cross-bill plaintiff answered, denying that the title to said lot ever passed out of his intestate, and averring that the note on which suit was brought was purchased by Solomon from Lyon, the former being in the discounting business ; and that the deed made by said Lyon was merely an escrow to secure the payment of the money for which such note was given.

The other material facts are contained in the decision.

S. HALL ; WARREN & HOBBS, for plaintiff in error.

D. A. VASON, for defendant.

WARNER, Chief Justice.

This case came before the court below for trial on an original bill filed on the equity side of the court, and cross-bill, embracing several matters in controversy between the parties. There was a good deal of evidence introduced on both sides. The jury returned the following verdict: "We, the jury, decree as follows: First, that the balance due on the note against the estate of T. M. Nelson, and the legacy in favor of T. M. Nelson, be both canceled. Second, that the title to the lot in dispute be vested in the estate of T. M. Nelson." Upon this verdict the complainant's solicitor presented a decree to the chancellor for his signature, which he refused to sign on the ground, as stated in the bill of exceptions, that the verdict was void for want of certainty. Whereupon the complainant excepted.

If the verdict was void for uncertainty, then it should have been set aside, but in our judgment, the verdict was not void

for uncertainty; its terms are quite plain and easily understood, and the chancellor should have signed a decree thereon as required by the 4212th section of the Code, and it was error in refusing to do so.

Let the judgment of the court below be reversed